UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS KEVIN MOORE,

   Plaintiff,           Hon. Jane M. Beckering

v.                Case No. 1:24-CV-641

VINCENT C. WESTRA,

   Defendant.
_____/

## REPORT AND RECOMMENDATION

  Plaintiff initiated this action June 20, 2024, against the Honorable Vincent C. Westra.[1] (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 6), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

## ANALYSIS

  A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has

---

[1] Judge Westra served on the Michigan 8th District Court. It appears that Judge Westra recently retired from service.

1

held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

The gravamen of Plaintiff's complaint is that in the course of presiding over a criminal prosecution of Plaintiff in 2006, Judge Westra made rulings and decisions that allegedly violated Plaintiff's rights. Plaintiff's complaint must be dismissed for multiple reasons.

2

First, to the extent Plaintiff seeks to impose civil liability against Judge Westra, such claims must be dismissed because Judge Westra enjoys absolute judicial immunity. *See, e.g., Lawrence v. Pelton*, 413 F.Supp.3d 701, 710 (W.D. Mich. 2019). Second, to the extent Plaintiff seeks to challenge judicial rulings or decisions by Judge Westra, Plaintiff's recourse is to pursue relief in state court as this Court lacks subject matter jurisdiction to resolve any appeal of a state court decision. *See Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *Durham v. Haslam*, 528 Fed. Appx. 559, 562-63 (6th Cir., June 13, 2013).

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim on which relief may be granted. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                      Respectfully submitted,

Date: July 3, 2024                                      /s/ Phillip J. Green
                                                                PHILLIP J. GREEN
                                                                United States Magistrate